(Of the sixth circuit, sitting in Hamilton county)

### Rudershauer v. Metropolitan Life Insurance Co.

1. Application Not Part of Policy.
   Only so much of an application for life insurance as is, in the policy, expressly made a part of the policy, can be so regarded.
2. Designation of Beneficiary in Application.
   The designation of a beneficiary in such application, unless expressly referred to in the policy, is not a part of it.
3. Evidence as to Beneficiary—Rights.
   In an action by a creditor of the insured, not named as beneficiary but who paid the premiums on the policy, holding it as security, to recover from the insurance company, evidence of conversations between such creditor and the agents of the company, as to the intention of the insured or the beneficial rights under the policy, and also showing to whom the policy and other papers were delivered by the company's agent, is competent.

Error to the Court of Common Pleas of Hamilton county.

The plaintiff applied for a policy of insurance on the life of Sarah Putthoff, at her request, and as security for loans theretofore made to her when in need. A policy was delivered to her, made payable to the estate of Sarah Putthoff. At the trial below, plaintiff was not permitted to testify that she asked that the policy be made payable to her, being told by the agent that the change was not necessary in a policy of that kind, and she would get the money when the insured died. This so far satisfied her that she paid the premiums as they fell due. The policy was for $300. At the death of the insured the company obtained from her administrator a receipt in full of all claims under the policy for $100.

King, J.

The designation of a beneficiary in the application is not made a part of the policy. The policy is the contract of the parties. Only so much of the application as is expressly in the policy made a part of it can be held to be a part. The name of the beneficiary is not so expressly referred to. The classes of persons to whom insurance is to be paid are named in the policy. Plaintiff is one of the classes named. See 50 N. J. L., 72. The trial court should admit evidence of the conversations between plaintiff and the agents of the company, and also showing to whom the policy and other papers were delivered by the company's agent.

There is no error in ruling on questions asked plaintiff's witness; because questions call for conclusions, and not what was said or done, neither is there any offer made of what is expected to be shown by the answers of the witness.

The requests to charge involve particular facts which are not controlling, and were properly refused. But the court should have submitted the case to the jury with an appropriate charge, and for instructing the jury to find for defendant, and because the judgment is against the evidence and law, the judgment is reversed and new trial awarded.

*Keam & Keam*, for plaintiff in error.

*Robertson & Buchwalter* and *R. C. Pugh*, for the company.